IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION<br><br>NO. 14 C 5953 |
| v. | ) ) | JUDGE GARY FEINERMAN |
| ALGOZINE MASONRY RESTORATION, INC., an Indiana corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO ENFORCE THE TERMS OF
THE SETTLEMENT AGREEMENT AND ENTER JUDGMENT
AGAINST DEFENDANT AND DAVID ALGOZINE**

NOW COME Plaintiffs, CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.*, by their attorneys, and move the Court for the entry of an order enforcing the terms of the Settlement Agreement executed by Defendant and David Algozine, individually, on November 12, 2015. In support of the Motion, Plaintiffs state as follows:

1.  This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Tuckpointers Local 52 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement it is a party to with the Administrative District Council 1 of Illinois of the International Union of Bricklayers & Allied Craft Workers, AFL-CIO, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained.

Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On November 12, 2015, the Defendant and David Algozine executed a Settlement Agreement, which was executed on behalf of Plaintiff Funds on December 1, 2015, incorporating the terms for settlement agreed to by the parties (a copy of the Settlement Agreement is attached hereto).

3. Defendant and David Algozine agreed that they owed the total amount of $520,795.80 for contributions for October 2014 through July 2015, contributions due pursuant to an audit conducted for the time period January 1, 2011 through December 31, 2013, liquidated damages for October 2013 through July 2013, interest due pursuant to the audit, and attorneys' fees and costs incurred for the time period May 6, 2014 through September 30, 2015, as described in the Settlement Agreement.

4. Defendant and David Algozine also agreed to remain current with the regular submission of monthly reports and contributions due thereon throughout the course of the payment schedule.

5. Defendant and David Algozine agreed to make payment to Plaintiffs of $520,795.80, by way of the Payment Schedule set forth in Schedule A attached to the Settlement Agreement.

6. The Settlement Agreement provides that in the event Defendant and David Algozine fails to timely submit the monthly installment so that it is received by the first of the month or fails to timely submit its monthly reports and contributions which are due on the 20th day of the following month, the Defendant and David Algozine shall have seven (7) days in which to cure its default.

Accordingly, if Defendant's and David Algozine's monthly installment is not received by the 8th of the month and/or the monthly reports and contributions are not received by the Fund Office for the Plaintiff Funds on the 27th of each month, Defendant and David Algozine will be considered in breach of the terms of the Settlement Agreement. Defendant and David Algozine shall further be considered a breach of the Settlement Agreement if they exercise their rights to cure a default for more than three (3) consecutive months.

7. Upon breach of the Settlement Agreement, any payments remaining due under Schedule A shall become immediately due. Algozine and David Algozine, individually, agree to allow this Court to enter judgment against Algozine and David Algozine, individually, upon a Motion by the Funds to enforce the Settlement Agreement with its only defense being that a payment of the balance due, plus the additional attorneys' fees and costs the Funds may incur to enforce this Agreement and/or collect the balance due and owing.

8. Defendant and David Algozine represented that the first installment of $50,000.00 due on November 1, 2015 would be submitted, however, upon review, Defendant and David Algozine have not submitted any installment payments due pursuant to Schedule A of the Settlement Agreement.

9. Outside of the payment plan, Defendant submitted monthly contribution reports to the Plaintiffs identifying employees of the Defendant who performed work covered by the collective bargaining agreement, and the number of hours worked by or paid to those employees for the months of August 2015 through December 2015. Said monthly contribution reports establish that Defendant owes the Plaintiffs the amount of $314,710.18 for contributions and $62,942.05 for liquidated damages, for a total of $377,652.23. After applying contributions received for August 2015 through

October 2015 totaling $211,312.35, there remains a balance due of $103,397.83 in contributions and $62,942.05 in liquidated damages, for a total of $166,339.88.

10. Courts may "enforce settlement agreements reached in litigation pending before them." Debose v. Mueller, 552 F.Supp. 307, 308 (N.D. Ill. 1982). Furthermore, settlement agreements are contracts and enforced according to local contract law. Williams v. Tucker, 2013 U.S. Dist LEXIS 90974, *7 (N.D. Ill. 2013). Defendant and David Algozine breached the settlement agreement entered into with the Plaintiff Funds by failing to submit any installments due under the payment plan and failing to remain current with the submission of the regular reports and contributions due on behalf of Defendant Algozine's employees.

For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order enforcing the terms of the Settlement Agreement and entering judgment against Defendant, Algozine Masonry Restoration, Inc. and David Algozine, individually. Specifically, Plaintiffs request:

- A. That judgment be entered in favor of Plaintiffs and against Defendant, Algozine Masonry Restoration, Inc. and David Algozine, individually, to include the amount of $566,496.10, being the total amount remaining due for contributions, liquidated damages, interest and attorneys' fees and costs pursuant to the Settlement Agreement.

- B. That judgment be entered in favor of Plaintiffs and against Defendant, Algozine Masonry Restoration, Inc. and David Algozine, individually, to include the amount of $166,339.88, being the total amount due for contributions and liquidated damages for the time period August 2015 through December 2015.

- C. That judgment be entered in favor of Plaintiffs and against Defendant, Algozine Masonry Restoration, Inc. and David Algozine, individually, to include $3,588.75 in attorneys' fees incurred by the Plaintiffs from October 1, 2015 through January 26, 2016, including the preparation and presentment of the instant motion.

- D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6288574
Telephone:  312/216-2577
Facsimile: 312/236-0241
E-Mail: cscanlon@baumsigman.com

I:\52J\Algozine Masonry\motion to enforce settlement agreement.cms.df.wpd

<u>**CERTIFICATE OF SERVICE**</u>

        The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this <u>26th</u> day of <u>January 2016</u>, she electronically filed the foregoing document (Motion to Enforce Settlement Agreement and Enter Judgment) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

        Mr. Adam M. Sworden
        Austgen Kuiper Jasaitis, P.C.
        130 North Main Street
        Crown Point, IN   46307
        asworden@austgenlaw.com

        /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\52J\Algozine Masonry\motion to enforce settlement agreement.cms.df.wpd